IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAIAS RODERICO BARRIOS-LOPEZ, | ) | |
| Petitioner, | ) | Civil Action No. 14-301 Erie |
| | ) | |
| v. | ) | District Judge Barbara Rothstein |
| | ) | Magistrate Judge Susan Paradise Baxter |
| BOBBY L. MEEKS, | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.   RECOMMENDATION

Before the Court is a petition for a writ of habeas corpus filed by Petitioner, Isaias Roderico Barrios-Lopez, pursuant to 28 U.S.C. § 2241. [ECF No. 5]. In his answer[1] [ECF No. 15], Respondent contends that this Court lacks subject matter jurisdiction. Respondent is correct and, therefore, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed.

## II.   REPORT

In this habeas case, Petitioner challenges the legality of the sentence enhancement imposed by the United States District Court for the Southern District of Indiana pursuant to U.S.S.G. § 4B1.1. He relies on <u>United States v. Descamps</u>, — U.S. —, 133 S.Ct. 2276 (2013) to argue that one of his two prior California state drug convictions, Possession of Cocaine Base for Sale, does not count as a felony controlled substance offense, therefore he should be resentenced without the enhancement.

---

[1]   Pursuant to Local Rule 2241.D.2, Petitioner had 30 days from the date the answer was filed to file a reply. He did not file one.

1

### A.     28 U.S.C. § 2255 Provides the Post-Conviction Remedy For Federal Prisoners

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates."[2] Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). A habeas corpus action pursuant to § 2241 must be brought in the custodial court – the federal district court in the district the prisoner is incarcerated – not the district court where the prisoner was tried and sentenced.

Importantly, § 2255 expressly prohibits a federal court from entertaining a § 2241 habeas corpus petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the

---

[2]     Although a motion under section 2255 is not technically a petition for a writ of habeas corpus, it is habeas corpus' practical substitute for federal prisoners. See, e.g., Davis v. United States, 417 U.S. 333, 343 (1974); Kaufman v. United States, 394 U.S. 217, 221-22 (1969).

2

legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255, which will be discussed in more detail below, is commonly referred to as the "savings clause," "safety valve," or "safety hatch."

**B.     Discussion**

The following background facts are not in dispute. In August 2007, a federal grand jury indicted Petitioner on, *inter alia*, Conspiracy to Possess with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 4); and Illegal Reentry, in violation of 8 U.S.C. 1326(a) and (b) (Count 8). On June 14, 2007, Petitioner appeared before the United States District Court for the Southern District of Indiana (hereinafter the "trial court") and pleaded guilty to Counts 1, 4 and 8. In August 2007, the trial court imposed a sentence of 327 months of imprisonment on Count 1; 240 months of imprisonment on Count 8 (to run concurrent to Count 1); and 60 months on Count 4 (to run consecutive to Counts 1 and 8).

In April 2009, the United States Court of Appeals for the Seventh Circuit dismissed Petitioner's direct appeal. Petitioner filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in June 2010. In that action, he claimed that his trial counsel and appellate counsel were ineffective and that he was not competent to enter his plea. The trial court denied Petitioner's motion and on January 6, 2014, the Seventh Circuit Court denied Petitioner's request for a certificate of appealability.

The 1996 amendments that the Antiterrorism and Effective Death Penalty Act ("AEDPA") made to § 2255 bar a federal prisoner from filing a second or successive § 2255 motion unless the appropriate court of appeals first certifies the filing contains a claim based on: (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

3

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). See also 28 U.S.C. § 2244(a).

On December 4, 2014, Petitioner filed a second § 2255 motion, making the same arguments as he does in the instant action. Around that same time, he filed an application for authorization to file a second § 2255 motion with the Seventh Circuit Court. In support, he relied upon the Supreme Court's decision in Descamps, and argued, as he does in the § 2241 habeas petition pending in this case, that he is "actually innocent" of his sentence. See Application in Isaias R. Barrios-Lopez v. United States, No. 14-3659 (7th Cir. Dec. 5, 2014) (available on PACER). On December 11, 2014, the court of appeals issued the following order:

> Isaias Barrios-Lopez has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive collateral attack under § 2255. In this application, Barrios-Lopez proposes an argument based on Descamps v. United States, 133 S.Ct. 2276 (2013). He argues that the sentencing court erroneously relied on a previous conviction when it sentenced him as a career offender. But the rule in Descamps has been the rule in this circuit since at least 2009. See United States v. Woods, 576 F.3d 400, 411 (7th Cir. 2009). Thus, Barrios-Lopez's claim relying on Descamps does not satisfy the standards for authorization in § 2244(b)(2)(A) and § 2255(h)(2).
> Accordingly, we DENY authorization and DISMISS Barrios-Lopez's application for permission to file a successive collateral attack.

Order in Isaias R. Barrios-Lopez v. United States, No. 14-3659 (7th Cir. Dec. 11, 2014) (available on PACER). The trial court subsequently entered an order dismissing Petitioner's § 2255 motion for lack of subject matter jurisdiction since Petitioner failed to obtain the required authorization from the Seventh Circuit Court to file it.

Having failed in his effort to convince the Seventh Circuit Court that it should authorize him to file a second or successive § 2255 motion, Petitioner, who is incarcerated within the territorial boundaries of the Western District of Pennsylvania, filed the instant § 2241 habeas petition with this

4

Court. As set forth above, he challenges the legality of the sentence imposed by his trial court under Descamps. Petitioner contends that his case falls within § 2255's "savings clause" and, therefore, this Court has jurisdiction to consider his petition under § 2241.

    **C.    Discussion**

The claim that Petitioner is raising in his § 2241 petition is precisely the type that must be brought in a § 2255 motion before his trial court. However, as explained above, he cannot file another § 2255 motion because he has not received authorization from the Seventh Circuit Court to do so. That does not mean that he can pursue his claims in a § 2241 habeas petition. He can only do that if this case falls within § 2255's "savings clause." The question before this Court, therefore, is whether § 2255's remedy is "inadequate or ineffective to test the legality of [Petitioner's] detention[,]" 28 U.S.C. § 2255(e), thereby allowing him to utilize § 2241. It is Petitioner's burden to establish that the remedy under § 2255 is inadequate or ineffective. See, e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). He has not met the requisite burden.

It is only the extraordinarily rare case that falls within § 2255's savings clause, and this case is not one of them. In its landmark case In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit recognized the one circumstance under which it has found § 2255's remedy to be inadequate of ineffective since AEDPA amended § 2255 in 1996 to include a one-year statute of limitations and the prohibition against the filing of second or successive motions. Although the court in Dorsainvil concluded that the circumstance presented in that case was the rare one in which a federal prisoner could challenge the validity of his conviction under § 2241, it expressly stated:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 *merely because that petitioner is unable to*

5

> *meet the stringent gatekeeping requirements of [AEDPA's amendments to] § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.*

Dorsainvil, 119 F.3d at 251 (emphasis added). See, e.g., Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."); Gilbert v. United States, 640 F.3d 1293, 1308 (10th Cir. 2011) ("We join all other circuits in refusing to interpret the savings clause in a way that would drop the § 2255(h) bar on second and successive motions, defeat its purpose, and render it pointless.")

The petitioner in Dorsainvil, Ocsulis Dorsainvil, was convicted, *inter alia*, of using a gun in connection with a drug crime under 18 U.S.C. § 924(c)(1). He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated his first § 2255 motion, the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted (18 U.S.C. § 924(c)(1)) to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post Bailey, Dorsainvil applied to the Third Circuit Court for authorization to file in the district court a second or successive § 2255 motion. The court had no choice but to deny his request because he could not satisfy AEDPA's gatekeeping requirements for the filing of a second or successive § 2255

6

motion.³ It concluded, however, that under the circumstances, Dorsainvil had established that § 2255 was "inadequate or ineffective" to test the legality of his detention and, therefore, he could bring his claim in a § 2241 habeas corpus petition:

> A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "*if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255*." Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").
>
> The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."
>
> There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

---

³ Although Bailey was a substantive rule that applied retroactively to cases on collateral review, Bousley v. United States, 523 U.S. 614, 620-21 (1998), the Supreme Court's decision in Bailey was one of *statutory construction*, and therefore did not constitute "a new rule of *constitutional law* . . . that was previously unavailable[.]" Dorsainvil, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

Dorsainvil, 119 F.3d at 250-51 (emphasis added).

The Third Circuit Court subsequently described the narrow holding of Dorsainvil as follows: "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Trenkler v. Pugh, 83 F.App'x 468, 470 (3d Cir. 2003).

Petitioner's claim does not meet the Dorsainvil criteria for two separate reasons.[4] First, as the Seventh Circuit Court indicated in its December 11, 2014 order, since the rule in Descamps has been the rule in that circuit since at least 2009, Petitioner could have raised his claim in his first § 2255 motion. Second, the Third Circuit Court has excluded from the ambit of Dorsainvil the type of sentencing-related claim that he is making in this case. In Okereke v. United States, 307 F.3d 117 (3d Cir. 2002), the petitioner argued in a § 2241 habeas corpus petition that the sentence imposed upon him violated the Supreme Court's holding in Apprendi because the judge increased his sentence on the basis of drug quantity not found by a jury. The court of appeals rejected his argument, holding:

> Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution. See Davis v. United States, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). In In re Dorsainvil, we interpreted the statutory language providing that § 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is "inadequate or ineffective." 119 F.3d 245, 251 (3d

---

[4] The Court recognizes that Dorsainvil does not answer the question of whether the circumstance the Third Circuit Court confronted in that case is the *only* situation in which a petitioner may be able to establish the adequacy or ineffectiveness of § 2255's remedy. 119 F.3d at 252 ("Our holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one. In the posture of the case before us, we need go no further to consider the other situations, if any, in which the 'inadequate or ineffective' language of § 2255 may be applicable."). However, it is as of this date the only circumstance recognized by the Third Circuit Court since the enactment of AEDPA.

8

> Cir.1997). We found such a situation in In re Dorsainvil, where the petitioner was in the "unusual position" of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. Id. In short, Dorsainvil may have been convicted for conduct the Supreme Court in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), deemed not to be criminal. See id.
>
> The District Court held that Okereke's case fit within the narrow exception of In re Dorsainvil on the ground that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was an intervening change in law that Okereke could not have predicted and could not have used as the basis of a § 2255 motion. However, In re Dorsainvil was a rare situation. A § 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).
>
> - - -
>
> Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi *dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.* Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Id. at 121 (emphasis added).

In the non-precedential decision of McIntosh v. Shartle, 526 F.App'x 150 (3d Cir. 2013) (per curiam), the court of appeals relied on its holding in Okereke to reject the petitioner's argument that the decision in Begay v. United States, 553 U.S. 137 (2008) permitted him to utilize § 2255's savings clause so that he could challenge the sentenced imposed upon him. The court held:

> McIntosh has not shown that a § 2255 motion would be inadequate or ineffective…. [He] is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding that a petitioner is barred from proceeding under § 2241 because his argument was based on sentencing and did not render the crime he was convicted of not criminal).

McIntosh, 526 F.App'x at 152. The court of appeals reached the same conclusion in several other recent non-precedential decisions. Lane v. Schuylkill, — F.App'x — , 2016 WL 80638 (3d Cir. Jan. 7, 2016) (citing Okereke and affirming the dismissal of a § 2241 petition for lack of jurisdiction, noting "we have

only applied the § 2255 'safety valve' where the petitioner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law."); Jordan v. United States,615 F.App'x 764, 766 (Sept. 16, 2015) (affirming the district court's dismissal of a § 2241 petition in which the applicant relied upon Descamps, holding: "We have applied the 'safety valve' only where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law.") (citing Okereke, 307 F.3d at 120); Smith v. Warden Lewisburg USP, 614 F.App'x 52, 55 (3d Cir. 2015) ("Descamps does not constitute the rare situation of an intervening change of the law sufficient to apply the "safety valve" provided by § 2241.") Scott v. Shartle, 574 F.App'x 152, 155 (3d Cir 2014) ("[B]ecause [the petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241."); Jackman v. Shartle, 535 F.App'x 87, 89 n.4 (3d Cir. 2013) (citing Dorsainvil and rejecting a federal prisoner's contention that his § 2241 case fell within § 2255's savings clause; noting, *inter alia*, that Descamps "[did] not render conduct for which [the petitioner] was convicted non-criminal and, thus, [Petitioner] has not shown that a § 2255 motion is inadequate or ineffective."); United States v. Kenney, 391 F.App'x 169, 172 (3d Cir. 2010) (citing Okereke for the proposition that "[s]ection 2241 is not available for intervening changes in the sentencing law.")

Based upon all of the foregoing, this case does not present the rare situation rendering § 2255 inadequate or ineffective and, accordingly, this Court does not have jurisdiction and the petition should be dismissed.[5]

---

[5] 28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012). As such, the Court should make no certificate of appealability determination in this matter.

**III.     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed for lack of subject matter jurisdiction.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated:  February 1, 2016                    /s/ Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            United States Magistrate Judge